UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Melissa Veale,

*Plaintiff*,

vs.

210 First Avenue LLC and House Ume LLC,

*Defendants*.

**COMPLAINT**

Plaintiff, MELISSA VEALE (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 210 FIRST AVENUE LLC and HOUSE UME LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

**JURISDICTION AND VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located at 210 1st Avenue, New York, NY 10009 doing business as "NORI SHINN" (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

**PARTIES**

**4.** Plaintiff, MELISSA VEALE, is over the age of 18, *sui juris*, and a resident of Bronx

County, New York. Plaintiff has suffered from paraplegia since 1996, and as a result is bound to ambulate in a wheelchair. As such, Plaintiff is a qualified individual under the ADA.

**5.** Defendant, 210 FIRST AVENUE LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 210 FIRST AVENUE LLC, is the owner of the Subject Premises.

**6.** Defendant, HOUSE UME LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district and, on information and belief, is the owner/operator of the restaurant known as "NORI SHINN" located at the Subject Premises.

**7.** Pursuant to New York Department of State Division of Corporations records, Defendant, HOUSE UME LLC filed the Assumed Name "NORI SHINN" on April 23, 2026.

**8.** City of New York Manhattan Community Board 3 records indicate that Defendant, HOUSE UME LLC, submitted a Liquor License Stipulations for Administrative Approval on January 28, 2026 for the Subject Premises.

**9.** NORI SHINN is a restaurant offering Japanese-inspired food and beverage items to members of the general public in a dine-in setting. The establishment provides customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. The Plaintiff appreciates the food offerings and dining experience provided at NORI SHINN. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## <u>FACTUAL ALLEGATIONS AND CLAIM</u>

**10.** Most recently on or about July 22, 2026, Plaintiff visited the Subject Premises and

personally encountered physical barriers to access, which compelled her to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**11.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, she is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**12.** Plaintiff has been denied full and equal access to the Subject Premises, preventing her from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**13.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**14.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**15.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**16.** Plaintiff has suffered harm and injury as a result of personally encountering barriers

to access at the Subject Premises, and she will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**17.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**18.** Most recently on or about July 22, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**19.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**20.** Plaintiff considers herself a foodie and regularly checks the New York Magazine and Eater. She heard this place had delicious breakfast options and reviewed the feedback online which was very positive.

**21.** Plaintiff regularly visits Manhattan's East Village for medical appointments at Mount Sinai, entertainment, including comedy shows at the Village Underground, and recreation at Tompkins Square Park, where she particularly enjoys spending time during the summer months. During a recent visit to Tompkins Square Park, Plaintiff learned of the Subject Premises, located approximately a five-minute walk from the park, and became interested in dining there because she enjoys sushi and was particularly interested in its fresh, made-to-order handroll sushi.

**22.** Plaintiff personally visited the Subject Premises intending to dine there but encountered accessibility barriers that interfered with her ability to do so. The ramp leading to the

entrance was extremely steep and Plaintiff was unable to independently enter the restaurant in her wheelchair. Because the entrance door opens inward, Plaintiff required the assistance of two individuals to enter—one person to hold the entrance door open and another to assist Plaintiff in ascending the steep ramp in her wheelchair. Once inside, Plaintiff also encountered inaccessible sushi-counter seating. The restaurant provides only two sushi-counter seating areas and no alternative accessible dining surfaces at which Plaintiff could comfortably dine. Plaintiff intends to return to the Subject Premises to experience its made-to-order handroll sushi once the accessibility barriers are remediated and she can independently access and comfortably dine at the restaurant.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**23.** Plaintiff restates Paragraphs 1-22 as though fully set forth herein.

**24.** Defendants, 210 FIRST AVENUE LLC and HOUSE UME LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**25.** Defendant, 210 FIRST AVENUE LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**26.** Defendant, HOUSE UME LLC, as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**27.** Plaintiff personally encountered architectural barriers at the Subject Premises that deterred Plaintiff from entering and accessing the interior of the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**28.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**<u>Entrance</u>**

**i. Inaccessible Entrance Ramp**
The accessible route to the establishment is inaccessible because the existing ramp leading to the entrance door has a slope that exceeds the maximum allowable slope and a compliant landing is not provided at the top of the ramp, preventing Plaintiff and other wheelchair users from safely accessing and entering the establishment. This is a violation of ADAAG §§206, 206.1, 402, 402.1, 402.2, 405, 405.1, 405.2, 405.7, 405.7.2, and 405.7.3. Providing a compliant accessible route, ramp, and landing is readily achievable.

**Dining Areas**

**ii. Inaccessible Dining Counters**
The two dining counters are inaccessible because the required accessible portions of the dining counters are not provided. The first of the two dining counters exceeds the maximum allowable height, and the second of the two dining counters does not provide the required minimum toe clearance, preventing Plaintiff and other wheelchair users from utilizing the dining counters. This is a violation of ADAAG §§226, 226.1, 902, 902.1, 902.2, 902.3, and 306.2. Providing compliant accessible portions of the dining counters is readily achievable.

**iii. Non-Compliant Seating Bench**
The seating bench located adjacent to the first of the two dining counters is inaccessible because the required back support is not provided, preventing Plaintiff and other individuals with disabilities from safely utilizing the bench. This is a violation of ADAAG §§903, 903.1, and 903.4. Providing compliant back support at the seating bench is readily achievable.

**Restroom**

**iv. Inaccessible Water Closet**
The water closet is inaccessible because the required minimum clearance is not provided, preventing Plaintiff and other wheelchair users from safely transferring to and utilizing the water closet. This is a violation of ADAAG §§604.3 and 604.3.1. Providing compliant water closet clearances is readily achievable.

**v. Grab Bars Not Provided**
Required grab bars are not provided on the rear and side walls adjacent to the water closet, preventing Plaintiff and other wheelchair users from safely transferring to and utilizing the water closet. This is a violation of ADAAG §§604.5 and 609. Providing compliant grab bars is readily achievable.

**vi. Inaccessible Lavatory**
The lavatory is inaccessible because the required minimum knee and toe clearance is not provided and the lavatory height exceeds the maximum allowable height, preventing Plaintiff and other wheelchair users from approaching and utilizing the lavatory. This is a violation of ADAAG §§606, 606.1, 606.2, 606.3, 306.2, and 306.3. Providing a compliant lavatory is readily achievable.

**vii. Exposed Pipes Under Lavatory**
Insulation of the pipes and water supply lines beneath the lavatory is not provided, creating a risk of injury to Plaintiff and other individuals with disabilities. This is a violation of ADAAG §606.5. Insulating or otherwise protecting the exposed pipes and water supply lines is readily achievable.

**viii. Inaccessible Mirror**
The mirror is inaccessible because the bottom edge of the reflecting surface exceeds the

maximum allowable height, preventing Plaintiff and other wheelchair users from utilizing the mirror. This is a violation of ADAAG §603.3. Providing a compliant mirror is readily achievable.

**29.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**30.** Plaintiff regularly travels to Manhattan's East Village for medical appointments, entertainment, dining, and recreation. While in the neighborhood, Plaintiff enjoys spending time at Tompkins Square Park, particularly during the summer months. Plaintiff learned of the Subject Premises, which is located approximately five minutes from Tompkins Square Park, and was interested in dining there because she enjoys sushi and the Subject Premises offers fresh, made-to-order handroll sushi prepared for immediate consumption. Plaintiff intends to return to the Subject Premises within the next six (6) months to avail herself of the goods and services offered therein if the Subject Premises are made accessible to individuals with mobility disabilities.

**31.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**32.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**33.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**34.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**35.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com